# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

ASIF RAHIM MAKNOJIYA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 944 497

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Asif Rahim Maknojiya, a native and citizen of India, entered this country without authorization and was ordered removed. Maknojiya petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ's) determination that he was not entitled to asylum, withholding of removal, or protection under the Convention Against Torture (CAT) because he was not credible. He argues that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explained many of the apparent discrepancies that were in his testimony and that existed between his testimony and the written items.  He also complains that he was not given an opportunity to explain other items and that the IJ failed to consider alternative explanations for the allegedly implausible events.  Finally, he insists that his testimony and his submitted documentation were sufficient to support his request for relief.

Because the BIA adopted and affirmed the IJ's decision, we review the decisions of both the BIA and the IJ.  *Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009).  We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard.  *See Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang,* 569 F.3d at 537.

An adverse credibility determination may be supported by "any inconsistency or omission," provided that "the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang,* 569 F.3d at 538 (internal quotation marks and citation omitted).  Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on the issue whether Maknojiya was credible.  *See Wang,* 569 F.3d at 537-38.  Likewise, he has not shown that the remainder of the record compels a conclusion that he has established that he is eligible for asylum, withholding of removal, or relief under the CAT.  *See Chen,* 470 F.3d at 1134.  Consequently, his petition for review is DENIED.